IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| ABS-CBN CORPORATION, ABS-CBN FILM PRODUCTIONS, INC. d/b/a STAR CINEMA, and ABS-CBN INTERNATIONAL, <br><br> Plaintiffs, <br><br> V. <br><br> ANTHONY BROWN a/k/a TONY BROWN a/k/a ANN ONG d/b/a 1700 CUTS TECHNOLOGY a/k/a LIFE FOR GREATNESS, <br><br> Defendant. | CASE NO. _____ |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

Plaintiffs ABS-CBN Corporation, ABS-CBN Film Productions, Inc. d/b/a Star Cinema, and ABS-CBN International (collectively, "ABS-CBN" or "Plaintiffs"), hereby sue defendant Anthony Brown a/k/a Tony Brown a/k/a Ann Ong d/b/a 1700 Cuts Technology a/k/a Life for Greatness, an individual ("Defendant"), and respectfully allege as follows:

**I. INTRODUCTION**

1.      This is an action for the unauthorized use and publication of communications services in violation of 47 U.S.C. § 605(a) among others, and for federal trademark counterfeiting and infringement.in violation of 15 U.S.C. § 1114. In short, Defendant is engaged in a scheme to, among other things, promote and sell modified and/or illegal devices and equipment, under counterfeits and infringements of ABS-CBN's trademarks, for the unlawful purpose of capturing ABS-CBN's communications of television programming and

1

rebroadcasting such programming, without ABS-CBN's authorization, to customers who purchase these devices and equipment to unlawfully access ABS-CBN's programming from Defendant (the "Pirate Equipment" and/or "Pirate Services").

2. As indicated above, this lawsuit involves the unlawful importation, modification, advertisement, promotion, offering for sale, sale, distribution, possession, trafficking, and/or use of Pirate Equipment designed to access ABS-CBN's protected communications and circumvent ABS-CBN's technological access control measures, ultimately allowing for the free viewing of ABS-CBN's copyrighted content. Federal and state law prohibits the devices, equipment, and technology in question. This lawsuit also involves federal trademark counterfeiting and infringement. Accordingly, ABS-CBN brings this lawsuit seeking damages and injunctive relief against Defendant for (1) the sale, distribution, trafficking, assembly, modification, and possession of illegal devices, equipment, and technology; (2) unauthorized access to ABS-CBN's communication signals; and (3) trademark counterfeiting and infringement.

## II. JURISDICTION AND VENUE

3. This action seeks damages and injunctive relief for unauthorized reception of communications services, the sale of such devices, and federal trademark counterfeiting and infringement under 47 U.S.C. § 605(a) and (e)(4), 15 U.S.C. §§ 1114 and 1116, and The All Writs Act, 28 U.S.C. § 1651(a) (collectively the "Federal Claims"), and Section 134.002 of the Texas Civil Practice & Remedies Code, which incorporates Section 31.12 of the Texas Penal Code (the "State Claim").

4. Accordingly, this Court has subject matter jurisdiction over the Federal Claims under 28 U.S.C. §§ 1331, 47 U.S.C. § 605(e)(3)(A), and 15 U.S.C. § 1121. This Court has supplemental jurisdiction over the State Law Claim under 28 U.S.C. § 1367 because the claim is

so related to the other claims in this action, over which this Court has original jurisdiction, that it forms part of the same case or controversy under Article III of the United States Constitution.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial portion of the alleged unlawful conduct occurred within the Southern District of Texas ("District"), and Defendant, upon information and belief, resides and conducts business within this District.

6. Personal jurisdiction exists over Defendant because Defendant, upon information and belief, resides and conducts business in this District, and further avails himself of the privileges and protections of the laws of the State of Texas, such that this Court's assertion of jurisdiction over Defendant does not offend traditional notions of fair play and due process.

### III. THE PARTIES

7. Plaintiff ABS-CBN Corporation is a public corporation organized under the laws of the Republic of the Philippines (the "Philippines") with its principal place of business in Quezon City, Philippines. Plaintiff ABS-CBN Film Productions, Inc. is a wholly-owned subsidiary of ABS-CBN Corporation, and is a corporation organized under the laws of the Philippines with its principal place of business in Quezon City, Philippines.

8. Plaintiff ABS-CBN International is a corporation organized under the laws of the State of California, and is a wholly-owned subsidiary of ABS-CBN Corporation with its principal place of business located at 150 Shoreline Drive, Redwood City, California 94065.

9. Defendant Anthony Brown [a/k/a Tony Brown a/k/a Ann Ong d/b/a 1700 Cuts Technology a/k/a Life for Greatness] is an individual, who, upon information and belief, resides at 16301 Wimberly Lane, Rosharon, Texas 77583, and conducts business within this District.

10. Upon information and belief, Defendant has actively participated in the wrongful conduct described herein within this District.

## IV.  COMMON FACTUAL ALLEGATIONS

### A. Plaintiffs' Services and Trademarks

11. Plaintiff ABS-CBN International is, and at all times relevant hereto has been, the registered owner of the following trademarks, which are valid and registered on the Principal Register of the United States Patent and Trademark Office (the "ABS-CBN Registered Marks"):

| Trademark | Registration Number | Registration Date | Class/Services |
|---|---|---|---|
| ABS-CBN | 2,334,131 | March 28, 2000 | IC 036 – telephone calling card services<br><br>IC 038 – Television broadcasting services via satellite and cable |
| TFC | 3,733,072 | Jan. 5, 2010 | IC 038 – Television broadcasting services via satellite and cable<br><br>IC 041 – Production and programming of television shows, entertainment and a variety of programming distributed over television, satellite and via a global computer network |

The ABS-CBN Registered Marks are used in conjunction with the high-quality services in the categories identified above. True and correct copies of the Certificates of Registration for the ABS-CBN Registered Marks are attached hereto as **Exhibit 1**.

12. The ABS-CBN Registered Marks have been used in interstate commerce for many years to identify and distinguish ABS-CBN's high-quality services, including, but not limited to, entertainment distribution services, for an extended period of time and serve as symbols of ABS-CBN's quality, reputation, and goodwill.

13.     The ABS-CBN Registered Marks have never been assigned or licensed to the Defendant in this matter.

14.     The ABS-CBN Registered Marks have never been abandoned.

15.     ABS-CBN International is also, and at all times relevant hereto has been, the owner of all rights in and to the following common law trademark (the "ABS-CBN Common Law Trademark"):

| Trademark |
|---|
|  |

The ABS-CBN Common Law Trademark is used in conjunction with high-quality products and services, including broadcasting distribution services.

16.     The ABS-CBN Common Law Trademark has been used in interstate commerce for many years to identify and distinguish ABS-CBN's high-quality entertainment distribution services and serves as a symbol of ABS-CBN's quality, reputation, and goodwill.

17.     The ABS-CBN Common Law Trademark has never been assigned or licensed to the Defendant in this matter.

18.     The ABS-CBN Common Law Trademark has never been abandoned.

19.     Together, the ABS-CBN Registered Mark and the ABS-CBN Common Law trademark are referred to herein as the "ABS-CBN Marks."  ABS-CBN Corporation, ABS-CBN Film Productions, Inc., and ABS-CBN International all share exclusive rights in and to the ABS-CBN Marks.  Moreover, ABS-CBN Corporation, ABS-CBN Film Productions, Inc., and ABS-CBN International are all licensed to use and enforce the ABS-CBN Marks.

20. ABS-CBN is the largest media and entertainment company in the Philippines. With its twelve large production studios, ABS-CBN produces over 2,430 hours of original content every year for its numerous television stations, including daily drama teleseries, drama anthologies, movies, musical and variety shows, game shows, reality shows, news programs, current affairs programs, documentaries, music video 24/7 (Myx), AM talk radio with DJ live on-screen (DZMM), FM radio shows with DJ live on-screen (MOR), and public affairs programs. Every day, ABS-CBN's programming is broadcast worldwide through its agreements with dozens of cable companies' premium channels, telecom provider partnerships, Internet subscription services, and through its own 24-hour cable and satellite service, which offers pay-per-view programming. Defendant, through the sale of the Pirate Equipment, is directly and unfairly competing with ABS-CBN's economic interests in the State of Texas and causing ABS-CBN harm within this jurisdiction.

21. ABS-CBN relays direct signals from within the Philippines up to satellites in orbit above Earth. These signals are then broadcast back down to Earth. Thereafter, ABS-CBN's programming is received by authorized subscribers through the use of a private satellite dish connected to an indoor satellite box, which is then connected by a cable to a television monitor. This setup allows authorized subscribers to receive their ABS-CBN programming.

22. To prevent the unauthorized reception and use of ABS-CBN's broadcasts by individuals who have not paid for ABS-CBN's services, ABS-CBN employs encryption technology to digitally scramble the signal, making it unusable until it is descrambled. The satellite box is the component that makes descrambling possible. Every satellite box has a conditional access subsystem built directly into it, which allows for the descrambling of ABS-CBN's content. Each paying customer receives a unique entitlement management message from

the satellite feed, which allows the conditional access subsystem to descramble the signal. This equipment and technology is referred to herein as the "encryption technology," and constitutes ABS-CBN's technological access control measures for their copyrighted content and communications.

### B. Defendant's Illegal Acts

23. Upon information and belief, Defendant has been engaged in a scheme to, without authorization, sell Pirate Equipment that retransmits ABS-CBN's programming to his customers as Pirate Services. Additionally, Defendant has used counterfeits and infringements of the ABS-CBN Marks in the promotion, advertisement and sale of such devices, components, equipment, technology, and Pirate Services. Collectively, the devices, components, technology and equipment are referred to herein as the "Pirate Equipment."

24. Upon information and belief, in order to gain access to ABS-CBN's protected communications and copyrighted content, Defendant's Pirate Equipment is designed to illegally access ABS-CBN's live communications. This system allows for the circumvention of ABS-CBN's encryption technology and the reception, disclosure, and publication of ABS-CBN's protected communications and copyrighted content.

25. Upon information and belief, and at all times relevant hereto, the Defendant in this action has had full knowledge of the unauthorized nature of the Pirate Equipment and Pirate Services, and full knowledge of ABS-CBN's ownership of the ABS-CBN Marks, including its exclusive rights to use and license such intellectual property and the goodwill associated therewith.

26. ABS-CBN's investigators have purchased such Pirate Equipment and Pirate Services from Defendant, which were shipped by Defendant from within this District.

27. Upon information and belief, Defendant has used several Facebook.com social media pages to advertise and promote the availability of the Pirate Equipment for sale by Defendant. Specifically, Defendant used his own personal Facebook.com account, under the name "Tony Brown," a secondary Facebook.com account under the name "Ann Ong," and a business Facebook.com account identified as "Lifeforgreatness."

28. Upon information and belief, Defendant has used counterfeits and infringements of the ABS-CBN Marks in connection with his Pirate Equipment and Pirate Services to promote, advertise, offer for sale, and sell the Pirate Equipment via the Internet.

29. Upon information and belief, Defendant is using ABS-CBN's famous name and trademarks to advertise, promote, distribute, and offer for sale the Pirate Equipment and Pirate Services at issue, thus increasing the value of his illegal distribution operation and decreasing the size and value of ABS-CBN's legitimate marketplace at ABS-CBN's expense.

30. In so advertising these Pirate Equipment and Pirate Services, Defendant improperly and unlawfully uses the ABS-CBN Marks without ABS-CBN's permission. Indeed, Defendant herein misappropriated ABS-CBN's advertising ideas and methods of doing business with regard to the advertisement and sale of ABS-CBN's genuine devices, equipment, and communications services. Upon information and belief, the misappropriation of ABS-CBN's advertising ideas in the form of the ABS-CBN Marks is the proximate cause of harm to ABS-CBN.

31. Defendant's use of the ABS-CBN Marks is without ABS-CBN's consent or authorization.

32. Upon information and belief, Defendant is actively using, promoting, advertising, distributing, selling, and/or offering for sale substantial quantities of his Pirate Equipment and

Pirate Services with full knowledge and intent that such Pirate Equipment and Pirate Services will be mistaken for devices, equipment, and services genuinely sponsored by and/or sold by ABS-CBN, and despite Defendant's knowledge that he is without authority to use the ABS-CBN Marks.  The net effect of Defendant's actions will cause consumer confusion at the time of initial interest, sale, and in the post-sale setting, as consumers will believe Defendant's Pirate Equipment and Pirate Services are genuinely associated with, originating from, or approved by ABS-CBN.

33. Defendant is engaging in the above-described illegal counterfeiting and infringing activities knowingly and intentionally or with reckless disregard or willful blindness to ABS-CBN's rights for the purpose of trading on ABS-CBN's goodwill and reputation.  If Defendant's intentional counterfeiting and infringing activities are not preliminarily and permanently enjoined by this Court, ABS-CBN and the consuming public will continue to be harmed.

34. Defendant's above-identified infringing and illegal activities are likely to cause confusion, deception, and mistake in the minds of consumers and the public before, during, and after their purchase of the Defendant's Pirate Equipment and Pirate Services. Moreover, Defendant's wrongful conduct is likely to create a false impression and deceive customers and the public into believing there is a connection or association between ABS-CBN and Defendant's Pirate Equipment and Pirate Services, when in fact, there is not.

35. Upon information and belief, Defendant is conducting and targeting his counterfeiting and infringing activities towards consumers and causing harm, within this District and elsewhere throughout the United States. As a result, Defendant is defrauding ABS-CBN and the consuming public for Defendant's benefit.

36. Upon information and belief, Defendant has engaged in this activity for profit and for the purposes of his own private financial gain and commercial advantage.  Defendant has sold his Pirate Equipment and Pirate Services to consumers from within this District with specific intent and knowledge that such Pirate Equipment would be used to circumvent ABS-CBN's encryption technology, and therefore allow the reception, publication, and divulgence of ABS-CBN's communications by persons not paying for those Pirate Services and persons not authorized to receive those services, thus causing irreparable harm and damages to ABS-CBN.

37. Upon information and belief, Defendant distributed his Pirate Equipment and Pirate Services to persons from within this District knowing or having reason to know that such devices and equipment were designed to be used for the unauthorized reception of ABS-CBN's communications services via circumvention of ABS-CBN's encryption technology.

38. Upon information and belief, by using the Pirate Equipment sold by Defendant, an individual may circumvent ABS-CBN's encryption technology to view ABS-CBN's live programming, without paying the fee for such Pirate Services.  If Defendant's above-described illegal activities are not preliminary and permanently enjoined by this Court, ABS-CBN will continue to be harmed.

39. Defendant is engaging in the above-described illegal activities knowingly and intentionally or with reckless disregard or willful blindness to ABS-CBN's rights for the purpose of trading on ABS-CBN's goodwill, reputation, and quality content.  If Defendant's intentional illegal activities are not preliminarily and permanently enjoined by this Court, ABS-CBN and the consuming public will continue to be harmed.

40. Defendant's above-identified infringing and illegal activities are likely to cause confusion, deception, and mistake in the minds of consumers and the public before, during, and

after their purchase of the Defendant's Pirate Equipment and Pirate Services. Moreover, Defendant's wrongful conduct is likely to create a false impression and deceive consumers and the public into believing there is a connection or association between ABS-CBN and Defendant's Pirate Equipment and Pirate Services, which there is not.

41. ABS-CBN has no adequate remedy at law.

42. ABS-CBN is suffering irreparable injury and has suffered substantial damages as a result of Defendant's unauthorized and illegal activities. If Defendant's illegal activities are not preliminarily and permanently enjoined by this Court, ABS-CBN will continue to be harmed.

43. The injury and damages sustained by ABS-CBN have been directly and proximately caused by Defendant's wrongful and illegal behavior as described herein and the very existence of Defendant's illegal marketplace enterprise.

## V. CAUSES OF ACTION

### 1. Violations of 47 U.S.C. § 605(a)

44. ABS-CBN hereby repeats and re-alleges the allegations of Paragraphs 1 through 43 as if fully set forth herein.

45. 47 U.S.C. § 605(a) prevents the unauthorized publication or divulgence of the existence, contents, substance, purport, effect, or meaning thereof, of any transmissions or receptions, or assisting in such unauthorized publication or divulgence of transmissions or receptions, of various communications by radio or wire, such as the ABS-CBN communications at issue herein.

46. Upon information and belief, Defendant publishes and/or divulges the contents of a protected communication to persons not permitted to receive such communications. Additionally, upon information and belief, Defendant has engaged in the modification, import,

sale, and/or distribution of the Pirate Equipment, which is primarily intended to publish and divulge ABS-CBN's protected communications as Pirate Services to persons not intended to receive such communications. Defendant has engaged in these activities for his own commercial advantage and/or private financial gain, and with full knowledge of the primary nature of such Pirate Equipment and Pirate Services, as described above.

47. ABS-CBN's communications are protected from unauthorized theft and interception under 47 U.S.C. § 605(a).

48. ABS-CBN's programming signal is a private communication signal, which is not intended for the use of the general public.

49. Defendant's modification, importation, sale, and/or distribution of the Pirate Equipment – which is primarily intended to publish and divulge ABS-CBN's protected communications as Pirate Services to persons who are not intended to receive such communications via circumvention of ABS-CBN's encryption technology – are violations of 47 U.S.C. § 605(a).

50. Defendant's violations of 47 U.S.C. §§ 605(a) were performed without the permission, authorization, or consent of ABS-CBN, and were willful and for the purposes of his own commercial advantage and/or private financial gain. Defendant's actions are unjustly enriching Defendant at ABS-CBN's expense.

51. ABS-CBN is a "person aggrieved" by the Defendant's violations of 47 U.S.C. § 605, and is authorized to prosecute this Action under 47 U.S.C. § 605(e)(3)(A).

52. Defendant's violations of 47 U.S.C. § 605(a) have injured ABS-CBN's ability to maximize the revenues it seeks to derive from its communications services, as ABS-CBN has been deprived the benefit of subscribers to its communications services.

53. ABS-CBN has sustained irreparable harm, injury, and monetary damages caused by Defendant's unlawful conduct, and absent an entry of an injunction by this Court, ABS-CBN will continue to suffer irreparable injury to its goodwill and business reputation, as well as monetary damages.

54 ABS-CBN is entitled to costs, reasonable attorneys' fees, actual damages suffered, profits obtained by Defendant attributed to his illegal conduct, and/or statutory damages for each violation of 47 U.S.C. § 605(a).

### 2. Violations of Texas Civil Practice and Remedies Code § 134.002 (Texas Penal Code § 31.12)

55. ABS-CBN hereby repeats and re-alleges the allegations of Paragraphs 1 through 43 as if set fully herein.

56. Section 134.002 of the Texas Civil Practice and Remedies Code provides for a civil cause of action against one who violates Section 31.12 of the Texas Penal Code, which prevents the theft of communications services, and which is committed when an individual knowingly and without the authorization of the information services provider tampers with, modifies, or maintains a modification to an access device or uses that access device or any unauthorized access device to obtain services from a multichannel video or information services provider.

57. Upon information and belief, Defendant has engaged in the sale, and/or distribution of Pirate Equipment intended by Defendant to be used for the unauthorized reception of ABS-CBN's communications services as Pirate Services.

58. Upon information and belief, Defendant has offered to sell, sold, and advertised the sale of the Pirate Equipment knowing or having reason to know that the devices and

equipment were designed to be primarily used for the unauthorized reception of ABS-CBN's communications services as Pirate Services.

59. Upon information and belief, Defendant has engaged in the sale, distribution, and/or advertisement of Pirate Equipment and Pirate Services willfully and for the purposes of his own commercial advantage and/or personal financial gain. Defendant's actions are unjustly enriching Defendant at ABS-CBN's expense.

60. Upon information and belief, the Pirate Equipment modified, and/or distributed by the Defendant is specifically designed to receive ABS-CBN's communications services without authorization, thereby permitting reception of ABS-CBN's copyrighted content without payment for services that would legitimately allow the user to access the copyrighted content.

61. ABS-CBN has not authorized or consented to the manufacturing, assembling, modifying, importing, exporting, marketing, selling, delivering, furnishing, shipping, renting, repairing, distributing, leasing, or use by Defendant of the aforementioned devices and equipment, nor has ABS-CBN authorized or consented to the interception or reception of its communications services without its authorization as Pirate Services.

62. Defendant's sale, distribution, and/or advertisement of Pirate Equipment and Pirate Services for the theft and unauthorized reception of ABS-CBN's communications services are violations of Section 31.12 of the Texas Penal Code. ABS-CBN is thus authorized to prosecute this action against the Defendant for his violations of Section 31.12 of the Texas Penal Code under Section 134.002 of the Texas Civil Practice and Remedies Code.

63. Defendant's violations of Section 31.12 of the Texas Penal Code have injured ABS-CBN's ability to maximize the revenues it seeks to derive from its communications

services, as ABS-CBN has been deprived the benefit of subscribers to its communications services.

64. ABS-CBN has sustained irreparable harm, injury, and monetary damages caused by Defendant's conduct, and absent an entry of an injunction by this Court, ABS-CBN will continue to suffer irreparable injury to its goodwill and business reputation, as well as monetary damages.

65. ABS-CBN is entitled to actual damages suffered, and in addition to actual damages, damages awarded by the trier of fact in a sum not to exceed $1,000.00 under Section 134.005 of the Texas Civil Practice and Remedies Code.

### 3. Trademark Counterfeiting and Infringement

66. ABS-CBN repeats and re-alleges every allegation contained in paragraphs 1 through 43 as if fully set forth herein.

67. 15 U.S.C. § 1114 prevents the use in commerce of any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, and/or advertising of any goods or services on or in connection with which such use is likely to cause confusion, mistake, or to deceive.

68. Upon information and belief, Defendant has used counterfeits, copies, and/or colorable imitations of the ABS-CBN Marks in connection with his advertisement, promotion, offers to sell, and sale of the Pirate Equipment and Pirate Services at issue herein.

69. Specifically, upon information and belief, Defendant is using the ABS-CBN Marks in connection with his social media accounts via Facebook.com to promote, advertise, offer for sale, and sell Pirate Equipment that circumvents ABS-CBN's security measures in order to provide access to ABS-CBN's copyrighted content without payment for services that would

allow legitimate access to such copyrighted content.  Examples of Defendant's use of the ABS-CBN Marks are attached hereto as **Exhibit 2**.

70. Defendant's counterfeiting and infringing use of the ABS-CBN Marks is likely to cause and actually is causing confusion, mistake, and deception among members of the general public as to the origin and quality of the Pirate Equipment and Pirate Services.

71. Defendant's unlawful actions have caused and are continuing to cause irreparable harm and unquantifiable damages to ABS-CBN, and are unjustly enriching Defendant with profits at ABS-CBN's expense.

72. Defendant's above-described illegal actions constitute counterfeiting and infringement of the ABS-CBN Marks in violation of ABS-CBN's rights under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

73. ABS-CBN has sustained irreparable harm, injury, and monetary damages caused by Defendant's conduct, and absent an entry of an injunction by this Court, ABS-CBN will continue to suffer irreparable injury to its goodwill and business reputation as well as monetary damages.

74. ABS-CBN is entitled to actual damages suffered, profits obtained by Defendant attributed to his illegal conduct, and/or statutory damages for his counterfeiting and infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1117.

## VI.  PRAYER FOR RELIEF

75. WHEREFORE, ABS-CBN prays that this Court enter judgment in its favor and against Defendant as follows:

A. Declare that Defendant's (1) modification, importation, offering to the public, trafficking, sale, distribution, and/or possession of Pirate Equipment or Pirate Services, (2)

unauthorized interception, reception, divulgence, and publication of ABS-CBN's electronic communications, and/or (3) assistance in the performance of such unauthorized actions, are violations of 47 U.S.C. § 605 and Section 134.002 of the Texas Civil Practice and Remedies Code, which incorporates Section 31.12 of the Texas Penal Code;

  B. In accordance with 47 U.S.C. § 605(e)(3)(B)(i), order the impounding of any devices and/or equipment that are the subject of statutory violations and, under 47 U.S.C. § 605(e)(3)(B)(i), enter a temporary, preliminary, and permanent injunction enjoining Defendant and all persons in active concert or participation with him from: (1) manufacturing, modifying, trafficking in, possessing, importing, advertising or promoting, distributing, selling, or offering to sell illegal equipment or devices; (2) interfering with ABS-CBN's proprietary rights; (3) manufacturing, intercepting, receiving, divulging, publishing, or displaying ABS-CBN's entertainment content without prior written consent of ABS-CBN; and (4) acting in further violation of the above-described statutes;

  C. Enter temporary, preliminary, and permanent injunctions pursuant to 15 U.S.C. § 1116 and Federal Rule of Civil Procedure 65 enjoining Defendant, his agents, representatives, servants, employees, and all those acting in concert or participation with them, from infringing, counterfeiting, or diluting the ABS-CBN Marks; from using the ABS-CBN Marks, or any mark or trade dress similar thereto, in connection with the sale of Pirate Equipment, Pirate Services, or any other unauthorized goods; from using any logo, trade name or trademark or trade dress that may be calculated to falsely advertise the Pirate Services, Pirate Equipment, or any other devices, equipment, goods, or services of Defendant as being sponsored by, authorized by, endorsed by, or in any way associated with ABS-CBN; from falsely representing themselves as being connected with ABS-CBN, through sponsorship or association, or engaging in any act that

is likely to falsely cause members of the trade or purchasing public to believe any devices, equipment, goods, or services of Defendant, are in any way endorsed by, approved by, or associated with ABS-CBN; from using any reproduction, counterfeit, infringement, copy, or colorable imitation of the ABS-CBN Marks in connection with the publicity, promotion, sale, or advertising of any devices, equipment, goods, or services sold by Defendant; from affixing, applying, annexing or using in connection with the sale of any devices, equipment, goods, or services, a false description or representation, including words or other symbols tending to falsely describe or represent Defendant's devices, equipment, goods, or services as being those of ABS-CBN, or as being endorsed in any way by ABS-CBN, and from offering such devices, equipment, goods, or services in commerce; and from otherwise unfairly competing with ABS-CBN;

      D.    Award ABS-CBN statutory damages in the amount of $100,000.00 for each violation of 47 U.S.C. § 605, plus an additional $100,000.00 for each violation pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II) and 47 U.S.C. § 605(e)(3)(C)(ii); alternatively, ABS-CBN requests judgment for actual damages, plus damages equal to any profits attributable to Defendant's violations of 47 U.S.C. § 605, plus an additional $100,000.00 for each violation pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(I) and 47 U.S.C. § 605(e)(3)(C)(ii);

      E.    Award ABS-CBN actual damages pursuant to Section 134.005(a)(1) of the Texas Civil Practice and Remedies Code, which incorporates Section 31.12 of the Texas Penal Code, and the additional $1,000 in statutory damages available to ABS-CBN under Section 134.005(a)(2) of the Texas Civil Practice and Remedies Code;

      F.    Award ABS-CBN statutory damages in the amount of two million dollars ($2,000,000.00) per each counterfeit trademark used and product sold pursuant to 15 U.S.C. §

1117, or, in the alternative, ABS-CBN requests judgment for actual damages plus damages equal to any profits attributable to Defendant's violations pursuant to 15 U.S.C. § 1117.

  G. Award ABS-CBN punitive or trebled damages provided by statutory law;

  H. Award ABS-CBN its costs, including reasonable attorneys' fees, and prejudgment and post judgement interest at the maximum rates allowed by law; and

  I. Award any further relief as the Court may deem just and proper.

Dated: December 5, 2019

        Respectfully submitted,

        BY:  s/Steven M. Abbott
          Steven M. Abbott
          State Bar No. 00797825
          Federal I.D. No. 9027
        Attorney-in-charge for Plaintiffs
        ABS-CBN Corporation, ABS-CBN Film Productions, Inc., and ABS-CBN International
        510 Bering Drive, Suite 300
        Houston, Texas 77057
        Telephone: (713) 467-1669
        Facsimile:  (713) 467-4936
        E-mail: abbottsteven@hotmail.com

.