IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| ABS-CBN CORPORATION, et al., | § § § | |
| Plaintiffs, | § § | |
| V. | § § | CASE NO. 3:19-cv-00397 |
| ANTHONY BROWN, | § § § | |
| Defendant. | § § | |

**PLAINTIFFS' MOTION FOR SUBSTITUTED SERVICE
AND MEMORANDUM OF LAW IN SUPPORT**

**TO THE HONORABLE UNITED STATES MAGISTRATE JUDGE:**

Plaintiffs ABS-CBN Corporation, ABS-CBN Film Productions, Inc. d/b/a Star Cinema, and ABS-CBN International (collectively, "ABS-CBN" or "Plaintiffs") file this Motion for Substituted Service and Memorandum of Law in Support ("Motion").

**TABLE OF CONTENTS**

I.   NATURE AND STAGE OF PROCEEDING ……………………………………….1

II.  EVIDENCE SUBMITTED IN SUPPORT OF THIS MOTION ……………….....2

III. ISSUE TO BE RULED UPON...…………………………………………………....2

IV.  STANDARD OF REVIEW..………………………………………………………...3

V.   SUMMARY OF THE ARGUMENT....……………………………………….…...3

VI.  RELEVANT BACKGROUND FACTS..…………………………………………...5

   1. The Wimberly Lane Location is the Defendant's Usual Place of Business,
      Usual Place of Abode, and/or a Place Where He Can Probably Be Found...............5

i

   2. Unsuccessful Attempts to Serve Defendant at the Wimberly Lane Location .........9

VII. ARGUMENT........…………………………………………………………………10

   1. Legal Standard for Substituted Service................................................................10

   2. The Manner of Substituted Service Requested Will Be Reasonably Effective to Give Defendant Notice of this Suit......................................................12

VIII. CONCLUSION………………………………………………………………………14

## I. <u>NATURE AND STAGE OF PROCEEDING</u>

On December 5, 2019, ABS-CBN filed this action against defendant Anthony Brown [a/k/a Tony Brown and Ann Ong d/b/a 1700 Cuts Technology and Life for Greatness] ("Defendant") for the unauthorized use and publication of communications services in violation of 47 U.S.C. § 605(a) *et seq.*, and for federal trademark counterfeiting and infringement in violation of 15 U.S.C. § 1114.  In short, the Defendant is running a "cable piracy" operation.  Among other things, the Defendant is using counterfeits and infringements of ABS-CBN's trademarks in connection with his illegal promotion and sale of "Smart" TV boxes that have been modified to enable his customers to unlawfully intercept and access ABS-CBN's programming without compensating ABS-CBN ("Pirate Boxes" and/or "Pirate Services").

On December 6, 2019, the Clerk of this Court issued a Summons directed to the Defendant.  To date, ABS-CBN's process server has tried unsuccessfully on four (4) occasions to serve the Defendant with process at 16301 Wimberly Lane, Rosharon, Texas 77583 ("Wimberly Lane Location" or "Location"), which upon information and belief, is the Defendant's current residence and the location from which he runs much of his illegal operation.  As discussed below in detail, the Defendant is actively evading service, which together with the fact that the Wimberly Lane Location is surrounded by a fence bearing multiple "no trespass" signs with a locked gate at the entrance of the driveway leading up to the trailer home on the property ("Locked Gate"), makes it highly unlikely that any further attempts to serve the Defendant in person at the Wimberly Lane Location will be successful.

Accordingly, ABS-CBN respectfully requests that the Court enter an Order authorizing Plaintiffs to serve the Defendant with process by (1) leaving a package [addressed to the Defendant at the Wimberly Lane Location] containing the Summons together with copies of Plaintiffs' Original Complaint (including the exhibits thereto), Civil Cover Sheet, Order for Conference and Disclosure of Interested Parties, Plaintiffs' Disclosure Statement, United States Magistrate Judge Edison's Court Procedures, and the Order granting substituted service as requested herein (collectively, the "Service Package") with anyone over sixteen (16) years of age at the Wimberly Lane Location, by affixing the Service Package to the front door of the trailer home at the Location, or by affixing the Service Package to the Locked Gate if access to the front door is denied; and (2) mailing the Service Package to the Defendant at the Wimberly Lane Location via first class mail.

## II.  EVIDENCE SUBMITTED IN SUPPORT OF THIS MOTION

In support of this Motion, ABS-CBN submits the Declarations of Eric Johnson ("Johnson Declaration" or "Johnson Decl."), Kevin Reyes ("Reyes Declaration" or "Reyes Decl."), and Joel Voyles ("Voyles Declaration" or "Voyles Decl."), which are attached to the Appendix in Support of this Motion (Appendix") as Exhibits A through C, respectively, and incorporated herein by reference.

## III.  ISSUE TO BE RULED UPON

Should the Defendant, who is actively evading service, be served with process by (1) leaving the Service Package with anyone over sixteen (16) years of age at the Wimberly Lane Location, by affixing the Service Package to the front door of the trailer

home at the Location, or by affixing the Service Package to the Locked Gate if access to the front door is denied; and (2) mailing the Service Package to the Defendant at the Wimberly Lane Location via first class mail.

## IV.  STANDARD OF REVIEW

The standard of review for a district court's decision regarding the service of process is whether there was an abuse of discretion.  See, e.g., Ellibee v. Leonard, 226 Fed. Appx. 351, 358 (5th Cir. 2007); Kreimerman v. Casa Veerkamp, S.A. de C.V., 22 F.3d 634, 645 (5th Cir. 1994).

## V.  SUMMARY OF THE ARGUMENT

Pursuant to Rule 4(e)(1) of the Federal Rules of Civil Procedure ("Federal Rule(s)"), which allows service of process upon individuals under the law of the forum state, and Federal Rule 4(e)(2), which allows an individual to be served personally, ABS-CBN has tried unsuccessfully to serve the Defendant personally on four (4) different occasions at the Wimberly Lane Location, as reflected in the Johnson Declaration.  See Fed. R. Civ. P. 4(e)(1) (permitting service upon an individual "pursuant to the law of the state in which the district is located...."); Tex. R. Civ. P. 106(a)(1) (prescribing the general method of service of process via personal delivery); Fed. R. Civ. P. 4(e)(2) (permitting service by delivering a copy of the summons and of the complaint to the individual personally). Since any further attempts to serve the Defendant personally at this Location are likely to be futile, Plaintiffs now move for substituted service.

Rule 106(b) of the Texas Rules of Civil Procedure ("Texas Rule(s)") provides two (2) options for serving a defendant when the methods of service provided under Texas

Rule 106(a) are unsuccessful.  Specifically, Texas Rule 106(b) provides in pertinent part that:

> Upon motion supported by affidavit stating <u>the location of the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found</u> and stating specifically the <u>facts showing that service has been attempted . . . at the location</u> named in such affidavit <u>but has not been successful</u>, the court may authorize service
>
> (1) <u>by leaving a true copy of the citation, with a copy of the petition attached, with anyone over sixteen years of age at the location</u> specified in such affidavit, or
>
> (2) <u>in any other manner</u> that the affidavit or other evidence before the court shows will be <u>reasonably effective to give the defendant notice of the suit</u>.

Tex. R. Civ. P 106(b) (emphasis added).

Again, ABS-CBN respectfully requests the Court's authorization to serve the Defendant with process by (1) leaving the Service Package with anyone over sixteen (16) years of age at the Wimberly Lane Location, by affixing the Service Package to the front door of the trailer home at the Location, or by affixing the Service Package to the Locked Gate if access to the front door is denied; and (2) mailing the Service Package to the Defendant at the Wimberly Lane Location via first class mail.

The Johnson, Reyes, and Voyles Declarations firmly establish that the Wimberly Lane Location is the Defendant's usual place of his illicit business, usual place of abode, and/or a place where the Defendant can probably be found.  In fact, the process server was actually approached by, and spoke with, the Defendant at the Wimberly Lane

4

Location during one of his failed attempts at service, but the Defendant was able to evade service by lying to him about his true identity.

For these reasons, ABS-CBN respectfully submits that serving the Defendant in the manner requested will be reasonably effective to give him notice of this suit. See, e.g., Tex. R. Civ. P. 106(b)(1) (authorizing substituted service by leaving a copy of the citation and petition with anyone over sixteen (16) years of age at the defendant's usual place of business, usual place of abode, or other place where defendant can probably be found); Perez v. Old West Capital Co., 411 S.W.2d 66, 73-74 (Tex. App. – El Paso 2013, no pet.) (process server's act of duct-taping the summons, petition, and order authorizing substituted service to a side entry door of defendant's residence was reasonably effective to give defendant notice of the suit); State Farm Fire & Casualty Co. v. Costley, 869 S.W.2d 298, 299 (Tex. 1993) (substituted service by regular mail addressed to defendant's residence would be reasonably effective to give defendant notice of the suit).

## VI.  RELEVANT BACKGROUND FACTS

**1. The Wimberly Lane Location is the Defendant's Usual Place of Business, Usual Place of Abode, and/or a Place Where He Can Probably Be Found**

Again, the evidence firmly establishes that the Wimberly Lane Location is the Defendant's usual place of his illicit business, his usual place of abode, and/or a place where he can probably be found.

First, with respect to the Wimberly Lane Location being the place of the Defendant's illicit business, this Location is the address listed in the PayPal invoices for the Defendant's company, 1700 Cuts Technology, through which payments were made

5

by one of ABS-CBN's investigators, Kevin Reyes ("Reyes" or "Investigator Reyes"), for his purchases from the Defendant on October 15, 2019 and October 22, 2019, respectively.  See Ex. B – Reyes Decl. ¶¶ 4-6.  The Wimberly Lane Location is also listed on the packages that were sent to Reyes by the Defendant, as the return address from which the packages were sent.  Id. at ¶¶ 5-6.

Specifically, on October 15, 2019, Reyes began communicating with "Ann Ong" on Facebook Messenger to purchase a Pirate Box.  Id. at ¶ 4.  "Ann Ong" later identified himself to be "Anthony Brown," and confirmed that payment should be sent to "Anthony Brown."  Id.  Defendant further told Reyes that his company's name was 1700 Cuts Technology, and he provided Reyes with a PayPal invoice for the Pirate Box from 1700 Cuts Technology, which listed its address as "16301 Wimberly Lane, Rosharon, Texas 77583, and its email address as "lifeforgreatness@gmail.com."  Id. (emphasis added).

Later that day, Reyes paid $150 to 1700 Cuts Technology via PayPal for the Pirate Box, and on October 17, 2019, Reyes received a package containing the Pirate Box, which stated that it was from "Anthony Brown, 1700 Cuts Technology, 16301 Wimberly Lane, Rosharon, Texas 77583."  Id. at ¶ 5 (emphasis added).

On October 21, 2019, Reyes received a message from the Facebook profile "Ann Ong" – who again, had previously identified himself as Anthony Brown – via Facebook Messenger regarding a second purchase.  Id. at ¶ 6.  On October 22, 2019, Reyes received a text message via WhatsApp from Anthony Brown (713-373-2235) concerning this purchase, and Defendant confirmed that Reyes could make payment once again through the 1700 Cuts Technology PayPal profile referenced above.  Id.  Later that day Reyes

paid $125 to 1700 Cuts Technology via PayPal. Id. On October 28, 2019, Reyes received a package, which stated that it was from "Tony Brown, 16301 Wimberly Lane, Rosharon, Texas 77583." Id. at ¶ 6 (emphasis added).

Second, with respect to the Wimberly Lane Location being the Defendant's usual place of abode or a place where the Defendant can probably be found, this Location is listed as the Defendant's most recent address in public records. See Ex. C – Voyles Decl. ¶ 4. But more importantly, the Defendant was actually found at the Wimberly Lane Location during one of the process server's unsuccessful attempts to serve him with process; however, he lied to the process server about his true identity. See Ex. A – Johnson Decl. ¶¶ 5-6.

Specifically, on December 11, 2019, the process server, Eric Johnson ("Johnson" or "Process Server Johnson"), visited the Wimberly Lane Location a second time to try to serve the Defendant. Id. at ¶ 5. As the Location is surrounded by a fence bearing multiple "no trespass" signs with a locked gate at the entrance to the driveway leading up to the trailer home on the property, Johnson could not gain entry. Id. However, while he was walking outside the fence, a man came out of the trailer home and asked Johnson what he was doing. Id. Johnson gave the man his business card, and told him that he was looking for the resident, Anthony Brown, since a federal lawsuit had been filed against Mr. Brown so it was important that Johnson find him, and deliver the relevant papers to him, so that he could respond accordingly. Id. The man identified himself as "Kevin Williams," and told Johnson that this was the "Mumford residence," but that he personally knows Anthony Brown and believes that he now lives in the Humble area. Id.

7

Based on his conversation with "Kevin Williams" (and the fact that Johnson was able to determine from the Brazoria County Appraisal District records that the Wimberly Lane Location was owned by James R. Mumford, and from the Texas Vehicle Registration records that the vehicle he saw at the Location was registered to Renell B. Mumford and James R. Mumford), Johnson left the Wimberly Lane Location believing that it was a bad address for the Defendant.  Id. at ¶ 6.  However, later in the day, Johnson was sent a photograph of the Defendant from which he positively identified the man he had spoken with – "Kevin Williams" – to in fact be the Defendant.  Id.

On a third unsuccessful attempt to serve the Defendant at the Wimberly Lane Location the following day, Johnson spoke to a woman at the gate to the property who identified herself as "Mrs. Mumford," and who said that she lives at the Wimberly Lane Location.  Id. at ¶¶ 7-8.  Johnson identified himself and explained why he was there.  Id. at ¶ 7.  The woman confirmed that the man Johnson had spoken with the day before was in fact the Defendant, but she said he wasn't available.  Id. at ¶¶ 7-8.

Johnson gave the woman his business card, and asked if she could call the Defendant to arrange another meeting.  Id. at ¶ 8.  The woman claimed that she didn't have the Defendant's telephone number.  Id.  Johnson responded that it was strange that she wouldn't have a telephone number for someone who stays with her.  Id.  The woman said that she trusts the Defendant, and claimed that he only comes by from time to time.  Id.  Johnson replied by pointing out that the Defendant was alone at the Wimberly Lane Location the day before, and that he obviously has access to the Location.  To this, the woman had no response.  Id.  Johnson left his card with the woman, and encouraged her

8

to contact the Defendant and ask him to call Johnson. The Defendant, however, has never contacted Johnson. Id.

## 2. Unsuccessful Attempts to Serve Defendant at the Wimberly Lane Location

At approximately 6:32 p.m. on December 9, 2019, Johnson visited the Wimberly Lane Location to try to serve the Defendant personally with process. Id. at ¶ 4. However, as indicated above, the Location is surrounded by a fence bearing multiple "no trespass" signs with a locked gate at the entrance of the driveway leading up to the trailer home on the property. Id. Consequently, Johnson could not gain access to the trailer home, and his attempt to serve the Defendant was unsuccessful. Id. However, Johnson posted a notice of his attempted delivery on the Locked Gate, to which the Defendant, to Johnson's knowledge, has never responded. Id.

At approximately 11:26 a.m. on December 11, 2019, Johnson made a second attempt to serve the Defendant personally with process at the Wimberly Lane Location. Id. at ¶ 5. As discussed in Section VI(1) above, Johnson again could not gain access to the property because of the fence and Locked Gate; however, he was approached at the fence by, and spoke with, the Defendant, who lied about his true identity. Id. at ¶¶ 5-8. Consequently, this attempt to serve the Defendant was likewise unsuccessful. Id.

At approximately 6:00 p.m. on December 12, 2019, Johnson made a third attempt to serve the Defendant personally with process at the Wimberly Lane Location. Id. at ¶ 7. Again, Johnson could not gain access to the property because of the fence and Locked Gate. Id. However, as discussed in Section VI(1) above, he spoke with a woman at the

gate, who identified herself as "Mrs. Mumford," a resident at the Location, and who confirmed that the person who Johnson had spoken to the previous day was in fact the Defendant. Id. However, the woman said that the Defendant was not available, so this attempt to serve the Defendant was also unsuccessful. Id.

At approximately 7:35 a.m. on December 13, 2019, Johnson made a fourth attempt to serve the Defendant personally with process at the Wimberly Lane Location. Id. at 9. However, once again Johnson could not gain access to the property because of the fence and Locked Gate. Id. Although there was a vehicle at the Location, Johnson could not get anyone's attention to come to the Locked Gate. Consequently, this attempt to serve the Defendant was unsuccessful as well. Id.

## VII. ARGUMENT

**1. Legal Standard for Substituted Service**

Federal Rule 4(e) provides for service on an individual by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; (2) delivering a copy of the summons and of the complaint to the individual personally; (3) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (4) delivering a copy of each to an agent authorized by appointment or by law to receive service of process. See Fed. R. Civ. P. 4(e).

Texas Rule 106(a) states that service can be effected by: (1) delivering to the defendant, in person, a true copy of the citation with the date of delivery endorsed thereon with a copy of the petition attached thereto, or (2) mailing to the defendant by

registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto. See Tex. R. Civ. P. §106(a).

As set forth in Section VI(2) above, ABS-CBN has tried diligently, but unsuccessfully on four (4) separate occasions, to serve the Defendant in accordance with Federal Rule 4(e)(1)-(2) and Texas Rule 106(a)(1), by delivering the Service Package to him personally at the Wimberly Lane Location. Again, this Location is reliable. It is:

(1) the address listed on the PayPal invoices received by Investigator Reyes for the purchases from the Defendant via his company's PayPal account (see Ex. B – Reyes Decl. ¶¶ 4-6);

(2) listed on the packages that Reyes received from the Defendant, as the address from which the Defendant sent the packages (id. at ¶¶ 5-6.);

(3) the Defendant's most recent address according to the public records available (see Ex. C – Voyles Decl. ¶ 4); and

(4) where Process Server Johnson actually found the Defendant during an attempt to serve him on December 11, 2019, but the Defendant was able to evade service by lying to Johnson about his true identity (see Ex. A – Johnson Decl. ¶¶ 5-6).

Because the Defendant is actively evading service, any further attempts to serve him personally at the Wimberly Lane Location are also likely to be unsuccessful. Consequently, ABS-CBN now seeks substituted service under Texas Rule 106(b). Again, Texas Rule 106(b) provides in pertinent part that:

> Upon motion supported by affidavit stating <u>the location of the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found</u> and stating specifically the <u>facts</u>

11

<u>showing that service has been attempted . . . at the location</u> named in such affidavit <u>but has not been successful</u>, the court may authorize service

<u>(1) by leaving a true copy of the citation, with a copy of the petition attached, with anyone over sixteen years of age at the location</u> specified in such affidavit, or

<u>(2) in any other manner</u> that the affidavit or other evidence before the court shows will be <u>reasonably effective to give the defendant notice of the suit</u>.

Tex. R. Civ. P 106(b) (emphasis added).

Significantly, unlike the methods of service under Texas Rule 106(a) that provide proof of *actual* notice of the suit to the defendant, substituted service under Texas Rule 106(b) only requires that the plaintiff follow the court's order of service by means *reasonably calculated* to provide actual notice.  See <u>Costley</u>, 869 S.W.2d at 298-99.

## 2. The Manner of Substituted Service Requested Will Be Reasonably Effective to Give Defendant Notice of this Suit

Again, ABS-CBN requests the Court's authorization to serve Defendant with process by (1) leaving the Service Package with anyone over sixteen (16) years of age at the Wimberly Lane Location, by affixing the Service Package to the front door of the trailer home at the Location, or by affixing the Service Package to the Locked Gate if access to the front door is denied; and (2) mailing the Service Package to the Defendant at the Wimberly Lane Location via first class mail.

ABS-CBN submits that serving the Defendant in this manner will be reasonably effective in giving him notice of this suit (and again, ABS-CBN would note that the Defendant already has <u>actual</u> notice that he is being sued, since Process Server Johnson

12

apprised him of this fact on December 11, 2019, when the Defendant lied about his true identity to evade service). ABS-CBN has established that the Wimberly Lane Location is the Defendant's usual place of his illicit business, his usual place of abode, and/or a place where he can probably be found, as set forth in Section VI(1) above. Moreover, each of the methods of service requested is either authorized by the applicable Rules or has been found to be reasonably effective in similar cases.

Specifically, Texas Rule 106(b)(1) expressly authorizes substituted service by leaving copies of the summons and petition with anyone over sixteen years of age at the location specified in the affidavit. See Tex. R.Civ. P. 106(b)(6).

Likewise, affixing the Service Package to the front door of the trailer home (from which the Defendant emerged on December 11, 2019, to confront Process Server Johnson) or the Locked Gate at the Wimberly Lane Location would be reasonably effective in giving the Defendant notice of this suit under the facts presented here, and has been found by other courts to be a reasonably effective method of substituted service under similar circumstances. See, e.g., Perez, 411 S.W.2d at 73-74 (process server's act of duct-taping the summons, petition, and order authorizing substituted service to a side entry door of defendant's residence was reasonably effective to give defendant notice of the suit); Heras v. Rapid Tax, Inc., 2014 WL 2481629 (W.D. Tex. 2014) (authorizing substituted service by posting the summons, petition, and order authoring substituted service to the front door of defendant's residence or leaving these documents with anyone over the age of sixteen at defendant's residence).

And finally, ABS-CBN submits that mailing the Service Package to the Defendant at the Wimberly Lane Location – which, among other things, is the address from which *he mails* his illicit merchandise – via first class mail will also be reasonably effective in giving the Defendant notice of this suit.  See, e.g., Costley, 869 S.W.2d at 299 (Tex. 1993) (substituted service by regular mail addressed to the defendant's residence where the plaintiff had mailed other notices to the defendant in the past, would be reasonably effective to give defendant notice of the suit).  In this regard, since the Defendant is evading service in this case, he is much more likely to receive the Service Package by first class mail, than if he has to retrieve and/or sign for the Package if it were sent by registered or certified mail, return receipt requested.

For these reasons, ABS-CBN's request should be granted.

## VIII.  CONCLUSION

For the reasons set forth above, ABS-CBN respectfully requests that the Court enter an Order in the form submitted as an attachment hereto:

(A)   authorizing ABS-CBN to serve the Defendant with process by (1) leaving the Service Package with anyone over sixteen (16) years of age at the Wimberly Lane Location, by affixing the Service Package to the front door of the trailer home at the Location, or by affixing the Service Package to the Locked Gate if access to the front door is denied; and (2) mailing the Service Package to the Defendant at the Wimberly Lane Location; and

(B)   awarding ABS-CBN such other relief to which it shows itself to be justly entitled.

Dated: December 20, 2019.

                              Respectfully submitted,

                              BY:  s/Steven M. Abbott
                                    Steven M. Abbott
                                    State Bar No. 00797825
                                    Federal I.D. No. 9027
                              Attorney-in-charge for Plaintiffs
                              ABS-CBN Corporation, ABS-CBN
                              Film Productions, Inc., and ABS-
                              CBN International
                              510 Bering Drive, Suite 300
                              Houston, Texas 77057
                              Telephone: (713) 467-1669
                              Facsimile:  (713) 467-4936
                              E-mail: abbottsteven@hotmail.com

.