IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| **ABS-CBN CORPORATION, et al.,** | § § § | |
| Plaintiffs, | § § | |
| V. | § § | CASE NO. 3:19-cv-00397 |
| **ANTHONY BROWN,** | § § § | |
| Defendant. | § § | |

## PLAINTIFFS' SECOND AMENDED DISCOVERY/CASE MANAGEMENT PLAN

**TO THE HONORABLE UNITED STATES MAGISTRATE JUDGE:**

Pursuant to the Court's Order for Conference and Disclosure of Interested Parties [Dkt. 5] and Order entered July 14, 2020 [Dkt. 17], plaintiffs ABS-CBN Corporation, ABS-CBN Film Productions, Inc. d/b/a Star Cinema, and ABS-CBN International (collectively, "ABS-CBN" or "Plaintiffs") file this Second Amended Discovery/Case Management Plan ("Plan), and would respectfully show the Court as follows:

### 1. Defendant is in Default

1.      This case involves the theft of federally protected communications, and federal trademark infringement and counterfeiting. Specifically, on December 5, 2019, ABS-CBN filed this action against the defendant, Anthony Brown [a/k/a Tony Brown and Ann Ong, and d/b/a 1700 Cuts Technology and Life for Greatness] ("Defendant"), for the unauthorized reception of communications services, the sale of unlawful devices that enable such reception, and federal trademark counterfeiting and infringement under 47 U.S.C. § 605(a) and (e)(4), 15 U.S.C. §§ 1114 and 1116, and The All Writs Act, 28

U.S.C. § 1651(a) (collectively the "Federal Claims"), and Section 134.002 of the Texas Civil Practice & Remedies Code, which incorporates Section 31.12 of the Texas Penal Code (the "State Claim").  See Plaintiffs' Complaint [Dkt. 1].

2. On January 9, 2020, the Defendant was duly served with process in accordance with the Court's Order authorizing substitute service [Dkt. 8].  See Plaintiffs' Proof of Service on Defendant Anthony Brown [Dkt. 9].  Though his answer was due by January 30, 2019, the Defendant failed to timely answer or otherwise respond to Plaintiffs' Complaint.  Consequently, ABS-CBN requested that the Clerk of this Court enter a default against the Defendant pursuant to Rule 55(a) of the Federal Rules of Civil Procedure ("Rule(s)") [Dkt. 11], and a default was correspondingly entered against the Defendant on February 25, 2020 [Dkt. 13].

3. Since the Defendant has still failed to respond to Plaintiffs' Complaint or otherwise enter an appearance in this case, ABS-CBN filed Plaintiffs' Motion for Entry of a Final Default Judgment and Permanent Injunction against the Defendant, and Memorandum of Law in Support [Dkt. 19] ("MDJ") on August 12, 2020.  ABS-CBN's MDJ is currently pending before the Court.

## 2. Discovery/Case Management Plan

In light of the Defendant's default as discussed above, ABS-CBN responds to the information requested in the Courts Order [Dkt. 5] as follows:

**1. State when the parties conferred as required by Rule 26(f), and identify the counsel who conferred.**

In light of the Defendant's default, there has been no Rule 26(f) conference.

2. **List the cases related to this one that are pending in any state or federal court with the case number and court.**

   None.

3. **<u>Briefly</u> describe what the case is about.**

   In short, the Defendant is using counterfeits and infringements of ABS-CBN's trademarks in connection with his illegal promotion and sale of "Smart" TV boxes that have been designed or modified to circumvent ABS-CBN's encryption technology to enable his customers to unlawfully intercept and access ABS-CBN's copyrighted programming without compensating ABS-CBN.

4. **Specify the allegation of federal jurisdiction.**

   This Court has subject matter jurisdiction over the Federal Claims under 28 U.S.C. §§ 1331, 47 U.S.C. § 605(e)(3)(A), and 15 U.S.C. § 1121. This Court has supplemental jurisdiction over the State Claim under 28 U.S.C. § 1367.

5. **Name the parties who disagree and the reasons.**

   None.

6. **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

   None.

7. **List anticipated interventions.**

   None.

8. **Describe class-action issues.**

   None.

**9.    State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

In light of the Defendant's default and ABS-CBN's pending MDJ, ABS-CBN does not anticipate that there will be any initial disclosures or other discovery conducted in this case.

**10.   Describe the proposed agreed discovery plan, including:**

    **A.    Responses to all the matters raised in Rule 26(f).**

    See Response to No. 9.

    **B.    When and to whom the plaintiffs anticipates they may send interrogatories.**

    See Response to No. 9.

    **C.    When and to whom the defendant anticipates he may send interrogatories.**

    See Response to No. 9.

    **D.    Of whom and by when the plaintiffs anticipate taking oral depositions.**

    See Response to No. 9.

    **E.    Of whom and by whom the defendant anticipates taking oral depositions.**

    See Response to No. 9.

    **F.    When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

<u>See</u> Response to No. 9.

**G.   List expert depositions the plaintiff (or the party with the burden of proof on     an issue) anticipates taking and their anticipated completion date. See Rule      26(a)(2)(B) (expert report).**

<u>See</u> Response to No. 9.

**H.   List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

<u>See</u> Response to No. 9.

**11.   If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

<u>See</u> Response to No. 9.

**12.   Specify the discovery beyond initial disclosures that has been undertaken to date.**

<u>See</u> Response to No. 9.

**13.   State the date the planned discovery can be reasonably completed.**

<u>See</u> Response to No. 9.

**14.   Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

In light of the Defendant's default, there have been no settlement discussions or

Rule 26(f) meeting, and no such discussions or meetings are anticipated.

**15.   Describe what each party has done or agreed to do to bring about a prompt resolution.**

<u>See</u> Response to No. 14.

**16.   From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

See Response to No. 14.

**17.     Magistrate judges may now hear jury and non-jury trials.  Indicate the parties= joint position on a trial before a magistrate judge.**

In light of the Defendant's default and ABS-CBN's pending MDJ, ABS-CBN does not anticipate any trial in this case.

**18.     State whether a jury demand has been made and if was made on time.**

No jury demand was made.

**19.     Specify the number of hours it will take to present the evidence in this case.**

See Response to No. 17.

**20.     List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

ABS-CBN's MDJ is currently pending.

**21.     List other motions pending.**

See Response to No. 20. There are no other pending motions.

**22.     Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

There are no such matters.

**23.     Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.**

Plaintiffs filed their Disclosure Statement [Dkt. 2] on December 5, 2019, and their Certificate of Interested Parties [Dkt. 10] on January 24, 2020.

**24.	List the names, bar numbers, addresses and telephone numbers of all counsel.**

For Plaintiffs:

>Steven M. Abbott
>State Bar No. 00797825
>Federal I.D. No. 9027
>510 Bering Drive, Suite 300
>Houston, Texas 77057
>Telephone: (713) 467-1669
>Facsimile:  (713) 467-4936
>E-mail: abbottsteven@hotmail.com

Dated: August 12, 2020	Respectfully submitted,

.	BY:  s/Steven M. Abbott
>Steven M. Abbott
>State Bar No. 00797825
>Federal I.D. No. 9027
>Attorney-in-charge for Plaintiffs
>ABS-CBN Corporation, ABS-CBN Film Productions, Inc., and ABS-CBN International
>510 Bering Drive, Suite 300
>Houston, Texas 77057
>Telephone: (713) 467-1669
>Facsimile:  (713) 467-4936
>E-mail: abbottsteven@hotmail.com