IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| ABS-CBN CORPORATION, et al., | § § § | |
| Plaintiffs, | § § | CASE NO. 3:19-cv-00397 |
| V. | § § | |
| ANTHONY BROWN, | § § | |
| Defendant. | § | |

**DEFENDANT'S MOTION TO VACATE OR SET ASIDE**
**DEFAULT JUDGMENT AND MEMORANDUM OF LAW IN SUPPORT**

Defendant Anthony Brown files this Motion to Vacate or Set Aside Default Judgement and Memorandum of Law in Support, requesting this Court to vacate or set aside the Default Judgment obtained by Plaintiffs ABS-CBN Corporation, ABS-CBN Film Productions, Inc. d/b/a Star Cinema, and ABS-CBN International (collectively, "Plaintiffs") for the following reasons: (1) Plaintiff failed to properly serve Defendant in accordance with the Federal Rules of Civil Procedure; and (2) the default was the result of mistake, inadvertence, surprise, or excusable neglect by Defendant.

**I. NATURE AND STAGE OF PROCEEDING**

On December 5, 2019, Plaintiffs filed this action against Defendant Anthony Brown ("Defendant") for the alleged unauthorized use and publication of communications services under 47 U.S.C. § 605(a) and federal trademark infringement under 15 U.S.C. § 1114. See Plaintiffs' Complaint [Dkt. 1]. In short, Plaintiffs allege that Defendant is running a "cable piracy operation" by selling "Smart TV boxes" that allow the end-user(s) to intercept and

access Plaintiffs' programming. Id. Plaintiffs contend that Defendant was advertising and selling these "Smart TV boxes" for $150.00 each through two Facebook accounts that are alleged to be associated with Defendant. [Dkt. 19, pp. 9-11].

On December 20, 2019, Plaintiffs moved the Court to allow substitute service on Defendant, after failing to serve him personally at 16301 Wimberly Lane, Rosharon, Texas 77583 ("Wimberly Lane Address"). [Dkt. 7].

On January 2, 2020, the Court entered an order ("Order") permitting Plaintiffs to serve the Defendant by, among other things, "leav[ing] a copy of the service package with a person over the age of 16 at [Defendant's] residence located at 16301 Wimberly Lane, Rosharon, Texas 77583 ..." See [Dkt. 8].

On January 9, 2020, substituted service was allegedly effectuated on Defendant at the Wimberly Lane Location by delivering service documents to James Mumford - who owns and resides at the Wimberly Lane Location. See [Dkt. 9].

On August 12, 2020, ABS-CBN filed its Motion for Entry of a Final Default Judgment and Permanent Injunction Against Defendant, and Memorandum of Law in Support ("Motion") [Dkt. 19], and Appendix in Support of [the Motion] ("Appendix" or "App.") [Dkt. 20]. In its Motion, ABS-CBN sought permanent injunctive relief, and statutory damages under both the Communications Act (47 U.S.C. § 605(e)(3)(C)(i)(II)) and the Lanham Act (15 U.S.C. § 1117(c)).

On January 6, 2021, the Court held a hearing on Plaintiffs' Motion by telephone. Thereafter, on January 8, 2021, the Court entered a Permanent Injunction against Defendant ("Injunction") [Dkt. 26]. Finally, on March 5, 2021, the Court entered a Default

Judgment against Defendant in the amount of "$1,600,000 in statutory damages, consisting of $100,000 in damages under the Communications Act (47 U.S.C. § 605(e)(3)(C)(i)(II)) and $1,500,000 in damages under the Lanham Act (15 U.S.C. § 1117(c))." [Dkt. 29].

Defendant requests the Court to vacate or set aside the Default Judgment [Dkt. 29], because: (1) Plaintiff failed to properly serve Defendant; and (2) mistake, inadvertence, surprise, or excusable neglect by Defendant.

## II. ISSUES TO BE RULED UPON

Should the Default Judgment entered against Defendant in this action be vacated or set aside due to: (1) Plaintiff's failure to properly serve Defendant while he was overseas; or (2) the default was the result of mistake, inadvertence, surprise, or excusable neglect by Defendant?

## III. STANDARD OF REVIEW

The standard for reviewing the entry of a default judgment is whether there was an abuse of discretion. See Lacy v. Sitel Corp., 227 F.3d 290,292 (5th Cir. 2000). "Because of the seriousness of a default judgment, and although the standard of review is abuse of discretion, even a slight abuse of discretion may justify reversal." Id.. Any factual determinations underlying that decision are reviewed for clear error. Id.

## IV. RELEVANT BACKGROUND FACTS

Defendant is an individual who currently resides in Orlando, Florida, and has worked as a service provider to members of the United States Airforce in support of their missions overseas for the past 15 years. Declaration of Anthony Brown ¶ 2. Specifically, Defendant currently works for Sallyport Global Holdings Inc., a United States' military

contractor that provides bedding, entertainment, food, and related forms of support services to United States' servicemembers deployed overseas. Id. Defendant has worked for Sallyport Global Holdings Inc. since 2014. See Ex. A – Brown Decl. ¶ 2. Prior to this, Defendant worked for several other contractors providing services to military servicemembers overseas. Id.

This work requires Defendant to be deployed overseas for ten to eleven months out of the year. Id. ¶ 3. As a result, Defendant has spent the majority of his time working overseas as a military contractor since at least 2005. Id.; see, e.g., Ex. A – Brown Decl. ¶¶ 2-3; Ex. B – Brown Decl. ¶ 3; Ex. C – Brown Decl. ¶ 3; Ex. D – Brown Decl. ¶ 3.

On or about June 20, 2019, Defendant accepted an offer of deployment with Sallyport Global Holdings Inc that would require him to be deployed to the nations of Quatar or Kuwait from December 2019 to April 2021. See Ex. E – Brown Decl. ¶ 4; Ex. F – Brown Decl. ¶ 4. As a result, Defendant travelled to Al Udeid Air Base in Qatar to begin my work on or about December 15, 2019. Declaration of Anthony Brown ¶ 5; see also Ex. G – Brown Decl. ¶ 5. Prior to his departure to Qatar, Defendant was staying in San Antonio, Texas, to conduct training related to his deployment, and he would sometimes travel to Pearland, Texas, during his downtime. Declaration of Anthony Brown ¶ 5.

After Defendant's deployment to Qatar on December 15, 2019, Defendant remained in Qatar, providing food services to United States' military servicemembers, almost exclusively until November 28, 2020. Declaration of Anthony Brown ¶ 6; see also Ex. H – Brown Decl. ¶ 6. The only time Defendant returned to the United States during this period of time was for approximately three weeks in April 2020, when he travelled to San Antonio,

Texas, to complete training for the second part of his deployment. Declaration of Anthony Brown ¶ 6.

Defendant returned to the United States after his deployment ended on or about November 28 2020. Declaration of Anthony Brown ¶ 7; Ex. H – Decl. Brown ¶ 7. Defendant then travelled to North Carolina on or about December 28, 2020, to take care of his ailing and disabled grandmother and be with his family. Declaration of Anthony Brown ¶ 7. Defendant subsequently moved to Orlando, Florida, where he currently resides with his wife and two children. Id.

The home located at 16301 Wimberly Lane, Rosharon, Texas 77583 ("Wimberly Lane Location"), is owned by Defendant's stepfather, James R. Mumford. Id. ¶ 8. Mr. Mumford resides at the Wimberly Lane Location with Defendant's mother, Renell B. Mumford. Id.  The Wimberly Lane Location was not Defendant's dwelling, usual abode, or place of residence at any time relevant to this action. Id. Moreover, Defendant specifically denies that he ever spoke to Plaintiffs' process server at this address on December 11, 2019, or at any other time. Id. ¶ 9.

Plaintiff's process server even admits that he was told the Wimberly Lane Location was not the Defendant's residence when he attempted service at this location. [Dkt. 7, Declaration of Eric Johnson at ¶¶ 5-8.] Specifically, Plaintiff's server testified: (1) that he was told this was the "Mumford residence," (2) that he confirmed the home was owned by James R. Mumford; (3) that the vehicle he saw parked outside the home was registered to James R. Mumford and Renell B. Mumford; and (4) that Mrs. Mumford told him the Defendant "only comes by time to time." Id.

Further, Defendant's failure to file an answer in this suit was not willful nor the result of conscious indifference. Declaration of Anthony Brown ¶ 11. Rather, it was due to the following: (1) Plaintiffs' failure to properly serve Defendant; (2) the services Defendant provided overseas for almost 11 months in 2020; (3) Defendant's belief that Plaintiffs would need to serve him before he was required to file an answer; (4) Defendant's need to care for his ailing grandmother in Charlotte, North Carolina; (5) Plaintiffs' failure to adequately notify Defendant of the proceedings; and (6) Defendant's inability to travel and confusion caused by the COVID-19 global pandemic. Id.

Additionally, Defendant has several meritorious defenses to the claims asserted by Plaintiffs in this suit, including but not limited to:

1. Plaintiffs have unclean hands by virtue of the fact that they enticed Defendant's alleged violations at issue.

2. Defendant asserts that any violations Plaintiffs allege were committed in Plaintiffs' Original Complaint constitute fair use.

3. Any of Defendant's acts or omissions were not committed with knowledge that such imitation is intended to be used to cause confusion, or to cause mistake, or to deceive.

### V. ARGUMENT

**A.** <u>**Overview of Applicable Law**</u>

"Federal courts should not be agnostic with respect to the entry of default judgments, which are generally disfavored in the law and thus should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement." Lacy v. Sitel Corp., 227 F.3d 290, 292 (5th Cir. 2000) (internal quotation marks omitted) (citing Mason & Hanger-Silas Mason Co. v. Metal Trades Council, 726

F.2d 166, 168 (5th Cir.1984)). Courts have adopted a policy in favor of resolving cases on their merits and against the use of default judgments. Baldwin v. Taishang Gypsum Co., Ltd. (In re Chinese-Manufactured Drywall Prods. Liab. Litig.), 742 F.3d 576, 594 (5th Cir. 2014) (citing Rogers v. Hartford Life & Accident Ins. Co., 167 F.3d 933, 936 (5th Cir. 1999)). "This policy, however, is counterbalanced by considerations of social goals, justice and expediency, a weighing process [that] lies largely within the domain of the trial judges discretion." Id. (internal quotation marks and citations omitted). Thus, "where there are no intervening equities any doubt should, as a general proposition, be resolved in favor of the movant to the end of securing a trial upon the merits." Lacy, 227 F.3d at 292 (quoting Gen. Tel. Corp. v. Gen. Tel. Answering Serv., 277 F.2d 919, 921 (5th Cir. 1960)).

Rule 55(c) provides that a district court "may set aside an entry of default for good cause" and "may set aside a default judgment under Rule 60(b)."

Rule 60(b) provides several additional statutory bases for vacating a default judgment, including the following reasons:

> **(1)** mistake, inadvertence, surprise, or excusable neglect;
>
> **(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> **(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> **(4)** the judgment is void;
>
> **(5)** the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

**(6)** any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "Rule 60(b) [should be] applied most liberally to judgments of default, since trial on the merits is to be favored over such a truncated proceeding." In re OCA, Inc., 551 F.3d 359, 370-71 (5th Cir. 2008).

"A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

Additionally, an entry of default may be set aside when the defendant against whom default is entered was not properly served. See Smith v. Womans Hosp., 671 Fed. Appx. 884, 887 (5th Cir. 2016) (per curiam) (affirming the district court's decision to set aside default where the plaintiff's attempt to serve the defendant did not comply with the service requirements of the Federal Rules of Civil Procedure); see also Jenkens & Gilchrist v. Groia & Co., 542 F.3d 114, 123 n.6 (5th Cir. 2008) ("[T]he duty to answer only arises after service has been perfected.").

**B.    Insufficient Service of Process**

First, Defendant seeks to vacate the default judgment entered by the court on the ground that the judgment is void because Defendant was not properly served with process. Fed. R. Civ. P. 60(b)(4) authorizes a district court to order relief from a final judgment if "the judgment is void." Fed. R. Civ. P. 60(b)(4). The Fifth Circuit has held that "[w]hen service of process is improper, the default judgment is void, and the district court *must* grant a Rule 60(b)(4) motion for relief from it." Jackson v. FIE Corp., 302 F.3d 515, 528 (5th Cir. 2002) (emphasis added). Absent proper service of process, the court

lacks personal jurisdiction over the defendant, and any default judgment against the defendant would be void. See Rogers v. Hartford Life and Accident Ins. Co., 167 F.3d 933, 940 (5th Cir. 1999) (citing Fed. R. Civ. P. 60(b)(4)).

Absent proper service under Federal Rule of Civil Procedure 4, the court lacks personal jurisdiction over the defendant independent of any actual notice defendant might have received. See Omni Capital International, Ltd. v. Rudolf Wolff & Co., Ltd., 484 U.S. 97, 108 (1987) (valid service of process is a prerequisite to a court's exercise of personal jurisdiction over defendants).

Here, Defendant contends that the default judgment is void because Plaintiff failed to serve him in accordance with Federal Rule of Civil Procedure 4. The Federal Rules of Civil Procedure distinguish between service of process of individuals within a judicial district of the United States and in a foreign country. Nabulsi v. Nahyan, 2009 U.S. Dist. LEXIS 49661, 2009 WL 1658017, at *13 (S.D. Tex. June 12, 2009), aff'd, 383 Fed. App'x 380 (5th Cir. 2010) (per curiam). Since this case involves service of process on a defendant located in a foreign country, plaintiffs must who compliance with Fed. R. Civ. P. 4(f). Id.

Rule 4(f) provides the follow methods for serving an individual in a foreign country:

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:

>> (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
>
> (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
>
> (C) unless prohibited by the foreign country's law, by:
>
>> (i) delivering a copy of the summons and of the complaint to the individual personally; or
>>
>> (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
>
> (3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f).

Here, Defendant was in a foreign country at the time allegedly delivered a copy of the service documents to Defendant's step father at the Wimberly Lane Address. Specifically, Defendant was in Qatar in connection with his employment as a military service provider from December 15, 2019 to November 28, 2020, with the exception of a few weeks in April of 2020, when Defendant returned to the United States to conduct training in San Antonio, Texas. Declaration of Anthony Brown ¶¶ 4-7; see also Ex. E – Brown Decl. ¶ 4; Ex. F – Brown Decl. ¶ 4; Ex. G – Brown Decl. ¶ 5; Ex. H – Brown Decl. ¶ 6. As such, Plaintiffs were required to comply with the provisions for service set forth in Fed. R. Civ. P. 4(f).

Plaintiffs failed to even attempt to comply with the provisions set forth in Federal Rule of Civil Procedure 4(f). They failed to do so even though Plaintiff's process server

admits that he was told the Wimberly Lane Location was not the Defendant's residence when he attempted service at this location. [Dkt. 7, Declaration of Eric Johnson at ¶¶ 5-8.] Specifically, Plaintiff's server testified: (1) that he was told this was the "Mumford residence," (2) that he confirmed the home was owned by James R. Mumford; (3) that the vehicle he saw parked outside the home was registered to James R. Mumford and Renell B. Mumford; and (4) that Mrs. Mumford told him the Defendant "only comes by time to time." Id. Plaintiffs do not allege that they made any attempts to serve Defendant in Qatar.

Further, the Wimberly Lane Location was not Defendant's dwelling, usual abode, or place of residence at any time relevant to this action. Id. Rather, the Wimberly Lane Location is owned by Defendant's stepfather, James R. Mumford. Id. ¶ 8. Moreover, Defendant specifically denies that he ever spoke to Plaintiffs' process server at this address on December 11, 2019, or at any other time. Id. ¶ 9.

As such, the Order for Entry of Default [Dkt. 14] and Default Judgment [Dkt. 29] should be set aside and vacated as void, due to lack of proper service on Defendant. See Jackson v. FIE Corp., 302 F.3d 515, 528 (5th Cir. 2002); see also Comako Int'l v. Delorme, No. 7:19-CV-00385, 2020 U.S. Dist. LEXIS 116055, at *3-4 (S.D. Tex. Jan. 22, 2020) (setting aside default judgment against defendant for lack of proper service).

### C.  Defendant has Good Cause for his Default

Even assuming arguendo that Plaintiffs did properly serve Defendant, "[t]he court may set aside an entry of default for good cause . . . ." Fed. R. Civ. P. 55(c). When deciding whether good cause exists, courts consider three, non-exclusive, factors: "whether the default was willful, whether setting it aside would prejudice the adversary, and whether a

meritorious defense is presented." <u>Lacy v. Sitel Corp.</u>, 227 F.3d 290, 292 (5th Cir. 2000) (quoting <u>Matter of Dierschke</u>, 975 F.2d 181, 183-84 (5th Cir. 1992) (internal quotation marks omitted). To determine whether or not good cause is present, courts generally consider three factors: (1) whether the default was willful; (2) whether setting aside the default judgment would prejudice Plaintiffs; and (3) whether Defendant presented a meritorious defense. <u>Lacy</u>, 227 F.3d at 292. Courts may also consider other factors, including whether the defendant acted expeditiously to correct the default. <u>Id</u>.

"A willful default is an 'intentional failure' to respond to litigation." <u>In re OCA</u>, 551 F.3d at 370 n.32 (quoting <u>Lacy</u>, 227 F.3d at 292). "[P]erfection of service is not determinative—the defendant's knowledge of the perfected service, and the defendant's actions post-service also play a role in measuring the willfulness of a defendant's default." <u>Jenkens</u>, 542 F.3d at 122-23. The Fifth Circuit has warned against adopting a "willfulness presumption" that would "render meaningless . . . the instruction to apply Rule 60(b) 'most liberally' when considering whether to vacate a default judgment." <u>In re OCA</u>, 551 F.3d at 372. The court resolves any doubts in the defendant's favor. <u>See</u>, e.g., <u>Fjeld v. JPMorgan Chase Bank, N.A.</u>, No. H-13-1746, 2016 U.S. Dist. LEXIS 192876, 2016 WL 6885579, at *3 (S.D. Tex. Apr. 14, 2016); <u>Sontay</u>, 2014 U.S. Dist. LEXIS 165935, 2014 WL 6722507, at *2-3.

Here, Defendant's default was not willful. Declaration of Anthony Brown ¶ 11. Rather, it was due to the following: (1) Plaintiffs' failure to properly serve Defendant; (2) the services Defendant provided overseas for almost 11 months in 2020; (3) Defendant's belief that Plaintiffs would need to serve him before he was required to file an answer; (4)

Defendant's need to care for his ailing grandmother in Charlotte, North Carolina; (5) Plaintiffs' failure to adequately notify Defendant of the proceedings; and (6) Defendant's inability to travel and confusion caused by the COVID-19 global pandemic. Id.

Additionally, Defendant has several meritorious defenses to the claims asserted by Plaintiffs in this suit, including but not limited to:

1. Plaintiffs have unclean hands by virtue of the fact that they enticed Defendant's alleged violations at issue.

2. Defendant asserts that any violations Plaintiffs allege were committed in Plaintiffs' Original Complaint constitute fair use.

3. Any of Defendant's acts or omissions were not committed with knowledge that such imitation is intended to be used to cause confusion, or to cause mistake, or to deceive.

Finally, Plaintiffs cannot show that they would suffer any prejudice from setting aside the Default Judgment. There is no prejudice to the plaintiff where "the setting aside of the default has done no harm to plaintiff except to require it to prove its case." Lacy v. Sitel Corp., 227 F.3d 290, 293 (5th Cir. 2000). Setting aside the Default Judgment would decide "nothing against [Plaintiffs] except that [they] cannot continue to hold the sweeping [relief] obtained … without a trial and by default." Id. Mere delay does not alone constitute prejudice. Id. Rather, "the plaintiff must show that the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." Id. (quoting Berthelsen, 907 F.2d at 621).

As a result of the foregoing, the Order for Entry of Default [Dkt. 14] and Default Judgment [Dkt. 29] should be set aside and vacated under Fed. R. Civ. P. 55(c) and Fed.

R. Civ. P. 60(b)(1), because Defendant has good cause for his default and Defendant's default was the result of mistake, inadvertence, surprise, or excusable neglect.

## VI. PRAYER

For the foregoing reasons, Defendant requests this Court to grant his Motion to Vacate or Set Aside Default Judgment and enter an Order to vacate and set aside the Order for Entry of Default [Dkt. 14] and Default Judgment [Dkt. 29] entered in this action, and for all other relief to which Defendants are entitled at law or in equity.

Respectfully submitted,

**NGUYEN & CHEN, LLP**

*/s/ Anissah Andang*
Anissah Andang – Attorney-in-Charge
Federal Bar No. 2023886
Randall Towns
Federal Bar No. 24110445
11200 Westheimer Road, Ste. 120
Houston, Texas 77042
Telephone: (832) 767-0339
Facsimile:  (832) 767-0669
Email:  aandang@nguyen-chen.com
Email:  rtowns@nguyen-chen.com

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that, on April 2, 2021, a true and correct copy of the above and foregoing was served upon the following parties and /or counsel of records in accordance with Federal Rules of Civil Procedure.

*VIA E-Service:*

Steven M. Abbott
State Bar No. 00797825
Federal I.D. No. 9027
Attorney-in-charge for Plaintiffs

                                              */s/ Anissah Andang*
                                              Anissah Andang