United States District Court
Southern District of Texas
**ENTERED**
October 07, 2021
Nathan Ochsner, Clerk

# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS GALVESTON DIVISION

No. 3:19-cv-397

ABS-CBN CORPORATION, ET AL., *PLAINTIFFS*,

v.

ANTHONY BROWN, *DEFENDANT*.

## MEMORANDUM OPINION AND ORDER

JEFFREY VINCENT BROWN, *UNITED STATES DISTRICT JUDGE*:

Before the court is Anthony Brown's motion to vacate or set aside the default judgment entered against him. Dkt. 31. The court denies the motion.

## I.   Background

This case involves a claim for unauthorized use and publication of television programming in violation of several federal statutes and for federal trademark counterfeiting and infringement. Dkt. 1 ¶ 1. The plaintiffs allege that Brown engaged in a scheme to sell "Pirate Equipment" that retransmits their programming to his customers as "Pirate Services." *Id.* ¶ 23. They allege Brown used counterfeits and infringements of their marks to promote his equipment on the internet. *Id.* ¶ 28.

On January 2, 2020, after the plaintiffs had tried unsuccessfully to serve Brown with process, the court granted their motion for substitute service. Dkt. 8. The order specified that the plaintiffs must first attempt to leave a copy of the service package with a person over the age of 16 at 16301 Wimberly Lane, Rosharon, Texas 77583 (the Wimberly Lane address). *Id.* Service was effected in that manner on January 9, 2020. Dkt. 9.

After Brown failed to timely answer, the clerk entered a default on February 25, 2020. Dkt. 13. On January 6, 2021, the court convened a telephonic hearing on the plaintiffs' motion for default judgment. Brown participated in the hearing. The court issued an injunction against him two days later, Dkt. 26, and a default judgment for $1,600,000 in damages under 47 U.S.C. § 605(e)(3)(C)(i)(II) and 15 U.S.C. § 1117(c) on March 5, 2021. Dkt. 29. Brown now asks the court to vacate the entry of default and default judgment. Dkt. 31.

## II.   Legal Standard

A court may set aside an entry of default for good cause under Federal Rule of Civil Procedure 55(c). A default judgment may be set aside under Rule 60(b). The reasons to set aside a default judgment include "mistake, inadvertence, surprise, or excusable neglect" or if "the judgment is void." Fed. R. Civ. P. 60(b)(1), (4). "When service of process is improper, the default

judgment is void, and the district court must grant a Rule 60(b)(4) motion for relief from it." *Jackson v. FIE Corp.*, 302 F.3d 515, 528 (5th Cir. 2002).

## III.   Analysis

### A. Service

The court first considers whether service on the defendant was proper. Rule 4(e) of the Federal Rules of Civil Procedure allows for service following the state procedure where the district court is located. Under Texas Rule 106, service can be effected by registered or certified mail or by "delivering to the defendant, in person, a copy of the citation, showing the delivery date, and of the petition." Tex. R. Civ. P. 106(a). If service is unsuccessful, the plaintiff may file a motion for substitute service "supported by a statement—sworn to before a notary or made under penalty of perjury—listing any location where the defendant can probably be found." Tex. R. Civ. P. 106(b). If the court grants the motion, it may authorize service "by leaving a copy of the citation and of the petition with anyone older than sixteen at the location specified in the statement." Tex. R. Civ. P. 106(b)(1).

When the plaintiffs moved for substitute service, they submitted an affidavit by a licensed private investigator attesting that, according to available public records, Brown's most recent address was the Wimberly

Lane address. Dkt. 7-3 ¶¶ 2, 4. The court granted the motion, Dkt. 8, and substitute service was accomplished in accordance with Rule 106. Dkt. 9.

Brown insists in his motion to vacate that the Wimberly Lane address "was not [his] dwelling, usual abode, or place of residence at any time relevant to this action." Dkt. 31 at 11. He is apparently referring to Rule 4(e)'s option to serve a defendant by leaving a copy of the summons and complaint "at the individual's dwelling or usual place of abode." *See* Fed. R. Civ. P. 4(e)(2)(B). But the plaintiffs did not seek to serve Brown under that option. Instead, they chose to follow state procedure as allowed by 4(e)(1). And the Texas substitute-service rule does not require service at the defendant's residence, but at any place where "the defendant can probably be found." Tex. R. Civ. P. 106(b).[1]

Even more, the process server swore in his affidavit that, on one of his four attempts at serving Brown, he saw and spoke with a man at the Wimberly Lane address matching a photograph of Brown.[2] Dkt. 7-1 ¶¶ 5–6. And at one of his other attempts, the process server spoke with a woman who

---

[1] Besides, the Fifth Circuit has noted that "no hard and fast rule can be fashioned to determine what is or what is not a party's 'dwelling house or usual place of abode.'" *Nowell v. Nowell*, 384 F.2d 951, 953 (5th Cir. 1967).

[2] The man identified himself as "Kevin Williams." Dkt. 7-1 ¶ 5.

lived at the address (later found to be Brown's mother[3]) who confirmed that the man he had spoken to was Brown. *Id.* ¶ 8.[4]

Brown also claims that he was overseas at the time of service, and so the plaintiffs should have been required to serve him in accordance with Federal Rule of Civil Procedure (4)(f). Dkt. 31 at 9–11. But nothing in the plain language of Rule 4 mandates that service be performed under 4(f) when the defendant is overseas. Rather, Rule 4(e) explains how an individual "may be served within any judicial district of the United States" and 4(f) how an individual "may be served at a place not within any judicial district of the United States." Fed. R. Civ. P. 4(e), (f); *see also Harvest Nat. Res., Inc. v. Ramirez Carreno*, No. H-18-483, 2020 WL 3063940, at *9 (S.D. Tex. June 9, 2020) (service under 4(e) was acceptable when the defendant was overseas, but the only address the plaintiff could find was in the United States); *cf. Windecker v. Hang Wei*, No. 1:18-CV-00898-LY, 2020 WL 248689, at *3 (W.D. Tex. Jan. 16, 2020) (upholding service under Rule 4(e)

---

[3] *See* Dkt. 32-1 ¶ 8, 10.

[4] It is also worth noting that though Brown now claims to live in Florida, he appended a résumé to his motion to vacate which lists the Wimberly Lane address at the top, along with his email address and phone number. Dkt. 32-2.

on a foreign national who insisted that he be served overseas). Brown cites no authority to the contrary.[5]

The court is satisfied that Brown was properly served. That he could be found at the Wimberly Lane address was confirmed by public records, by his mother who lives at the address, by the process server who spoke there with a man matching Brown's photograph, and by Brown's own résumé.[6] Moreover, Brown's participation in the motion-for-default-judgment hearing proves that he had notice of the suit at least by then.[7] Nearly two months passed between the hearing and the court's entry of judgment.

## B. Good Cause

Because service was proper, the default judgment is not void. That means to set aside the judgment, Brown must show good cause. *See* Fed. R.

---

[5] Brown cites Judge Sim Lake's opinion in *Nabulsi v. Nahyan*, No. H-06-2683, 2009 WL 1658017 (S.D. Tex. June 12, 2009), *aff'd*, 383 Fed. App'x 380 (5th Cir. 2010) (per curiam) (affirmed on appeal of separate issue), to argue that the rules "distinguish between service of process of individuals within a judicial district of the United States and in a foreign country." Dkt. 31 at 9. But Judge Lake did not find that service under 4(e) was ineffective because it should have been under 4(f); rather, he found that the plaintiffs had not satisfied the requirements of 4(f) in attempting service on a foreign defendant. *Id.* at *6–*9.

[6] *See* note 4, *supra*.

[7] *See Nowell*, 384 F.2d at 953 (the appropriate construction of Rule 4 "varies according to whether the defendant received notice of the suit" and its "provision concerning usual place of abode should be liberally construed to effectuate service if actual notice has been received by the defendant" (internal quotation marks and citations omitted)).

Civ. P. 55(c). When facing a good-cause inquiry, courts focus on three factors: whether the default was willful, whether setting it aside would prejudice the plaintiff, and whether the defendant has a meritorious defense. *See Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000). "A finding of willful default ends the inquiry, for when the court finds an intentional failure of responsive pleadings there need be no other finding." *In re Chinese Manufactured Drywall Prod. Liab. Litig.*, 742 F.3d 576, 594 (5th Cir. 2014) (internal quotes omitted).

The Fifth Circuit has defined a willful default as an "'intentional failure' to respond to litigation." *In re OCA*, 551 F.3d 359, 370 n. 32 (5th Cir. 2008). Absent any "countervailing equities," any doubt should be resolved in favor of the defendant. *Jenkens & Gilchrist v. Groia & Co.*, 542 F.3d 114, 123 (5th Cir. 2008). That said, when "a defendant's neglect is at least a partial cause of its failure to respond, the defendant has the burden to convince the court that its neglect was excusable, rather than willful, by a preponderance of the evidence." *In re Chinese Manufactured Drywall Prod. Liab. Litig.*, 742 F.3d at 594. The court may consider evidence of the defendant's actions both before and after service, as well as the defendant's knowledge of the service, in making this determination. *Jenkens & Gilchrist*, 542 F.3d at 123.

The court has determined that Brown's failure to respond to this litigation was willful. First, the evidence convincingly connects Brown to the Wimberly Lane address. The plaintiffs' private investigator's public-records research, Brown's own résumé, and the process server's affidavit all support this conclusion. The willful nature of Brown's conduct is underscored by the evidence that he misrepresented his identity to the process server at the Wimberly Lane address.[8] Brown denies the encounter ever occurred, Dkt. 32-1 ¶ 9, but the evidence preponderates against him.

Second, Brown cannot establish good cause for his neglect to respond *after* he was served. He has not claimed that he was unaware of the lawsuit. And he had to have known about it no later than January 6, 2021—two months before judgment was rendered—when he participated in the telephonic motion-for-default-judgment hearing. In fact, Brown contends in his sworn statement that one reason he did not respond to the suit was his "belief that [the p]laintiffs would need to serve [him] before [he] was required to file an answer." Dkt. 32-1 ¶ 11. In other words, he knew he had been sued but chose to believe "'that he hadn't been served when, in fact, he had.'" *Matter of Dierschke*, 975 F.2d 181, 184 (5th Cir. 1992) (quoting and upholding trial court's willful-default finding).

---

[8] *See* note 2, *supra*.

Because Brown's default was willful, he cannot show good cause for overturning the judgment against him. *Id.* at 184–85 ("[w]illful failure alone" will support denying a motion to vacate); *see also In re Chinese Manufactured Drywall Prod. Liab. Litig.*, 742 F.3d at 594.

* * *

Having found proper service and willful default, the court denies Brown's motion to vacate.

Signed on Galveston Island on the 7th day of October, 2021.

_____
JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE